1  MICHELE M. DESOER (SBN 119667)
      *mdesoer@zuberlaw.com*
2  **ZUBER LAWLER & DEL DUCA LLP**
   2033 Gateway Place, 5th Floor
3  San Jose, California  95110
   Telephone: (408) 451-3980
4  Facsimile:   (213) 595-5621

5  Attorneys for Defendant Pacific Gas and Electric Company

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ADAM CRONIN,                        CASE NO.  3:16-cv-3206

12            Plaintiff,                **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 and 1367**

13        v.

14  PACIFIC GAS and ELECTRIC COMPANY,

15            Defendant.               Action Filed:      May 9, 2016
                                       Trial Date:        None Set

16

17  **TO THE CLERK OF ABOVE-ENTITLED COURT:**

18        PLEASE TAKE NOTICE that defendant Pacific Gas and Electric Company

19  (hereinafter referred to as "PG&E") hereby files this Notice of Removal of Action to

20  remove to this Court the State Court action entitled *Adam Cronin v. Pacific Gas and*

21  *Electric Company,* Case No. CGC 16-551890, currently pending in the Superior

22  Court of the State of California in the County of San Francisco (the "State Court

23  Action"), over which this Court has original and supplemental jurisdiction under 28

24  U.S.C. §§ 1331 and 1367, and is one that may be removed by PG&E pursuant to 28

25  U.S.C. § 1441(a) in that all of its purported causes of action arise under the Family

26  and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), the Americans with

27  Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and Title VII of the Civil

28  Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  Accordingly, under

28 U.S.C. §§ 1331, 1367, and 1441(a), the entire State Court Action is removable because plaintiff Adam Cronin ("Plaintiff") has asserted claims under these Federal statutes, and all of his claims are transactionally related thereto.

The grounds for the removal are alleged as follows:

**Timeliness of Removal**

1. On or about May 9, 2016, Plaintiff commenced the State Court Action in the Superior Court of the State of California in the County of San Francisco by filing a complaint captioned *Adam Cronin v. Pacific Gas and Electric Company,* Case No. CGC 16-551890 (the "Complaint"). *See* Summons and Complaint, attached hereto as Exhibit 1.

2. PG&E was served with the Summons and Complaint in the State Court Action on May 12, 2016. Plaintiff's Proof of Service is not included in the file for the State Court Action.

3. On June 8, 2016, PG&E filed its answer, general denial, and affirmative defenses to the Complaint in the State Court Action (the "Answer"). See PG&E's Answer, attached hereto as Exhibit 2.

4. All remaining process, pleadings, and orders in the State Court Action are attached hereto as Exhibits 3-6.

5. PG&E is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a), because it embraces the county in which the State Court Action is pending.

**The Complaint is Removable Under Federal Question Jurisdiction**

7. The State Court Action includes purported causes of action over which this Court has original and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367 in that it includes claims that raise Federal Questions under the FMLA (29 U.S.C. §§ 2601, *et seq.*), the ADA (42 U.S.C. §§ 12101, *et seq.*), and Title VII (42

1  U.S.C. §§ 2000e, *et seq.*).

2      8.      It appears that the allegations underlying Plaintiff's claims are that

3  PG&E allegedly interfered with Plaintiff's rights to medical leave under the FMLA

4  and the California Family Rights Act, Cal. Gov. Code § 12945.2 ("CFRA"),

5  retaliated against Plaintiff for exercising his rights under the FMLA in violation of

6  Title VII, did not provide Plaintiff with reasonable accommodations in violation of

7  the ADA and the California Fair Employment and Housing Act, Cal. Gov. Code §

8  12940 *et seq.* ("FEHA"), and created a hostile work environment for Plaintiff in an

9  attempt to constructively discharge him in violation of Title VII and the FEHA.  *See*

10  Complaint, Exhibit 1, at ¶¶ 6, 7, 8 & Attachment 1, Attachment 2.

11      9.      Federal question jurisdiction exists whenever a plaintiff's right to relief

12  necessarily depends on resolution of a substantial question of Federal law.  *Conroy*

13  *v. Fresh Del Monte Produce, Inc*., 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004)

14  (citing *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 809 (1988)).

15      10.      Under 28 U.S.C. § 1331, Federal jurisdiction is present when a

16  plaintiff's complaint demonstrates that "federal law creates the cause of action."

17  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting

18  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28

19  (1983)).

20      11.      Plaintiff's Complaint purports to assert claims under the FMLA, the

21  ADA, and Title VII.  Accordingly, this Court has original jurisdiction over the

22  Complaint because all of the purported claims therein arise under Federal law.

23  **Plaintiff's State Law Claims are Removable Under this Court's Supplemental**

24  **Jurisdiction**

25      12.      Plaintiff's purported state law claims for violation of the FEHA,

26  violation of the CFRA, Breach of Contract, Attempt to Constructively Discharge,

27  and Intentional Infliction of Emotional Distress are also removable.  This Court has

28  supplemental jurisdiction over these claims under 28 USC § 1367 because they arise

1  out of the same nucleus facts as Plaintiff's Federal FMLA, ADA, and Title VII

2  claims.

3  <u>**Requirements For Removal Under 28 U.S.C. § 1446**</u>

4  13.    Fewer than thirty (30) days have elapsed since May 12, 2016, the date

5  that PG&E was served with the Complaint.

6  14.    The State Court Action Complaint was filed in the Superior Court of

7  the State of California in the County of San Francisco.  This Court is part of the

8  "district and division within which such action is pending."  28 U.S.C. § 1446(a).

9  15.    A true and correct copy of "process, pleadings, and orders served upon"

10  PG&E to date in the State Court Action accompany this Notice of Removal as

11  required by 28 U.S.C. § 1446(a).  (*See* Exhs 1, 3, 4, 5, 6 attached hereto.)

12  16.    PG&E will promptly serve Plaintiff with a true and correct copy of this

13  Notice of Removal, and will promptly file a true and correct copy of this Notice of

14  Removal with the Clerk of the Superior Court for the County of San Francisco, as

15  required under 28 U.S.C. § 1446(d).

16  17.    No other statutes or rules concerning the removal of actions in any way

17  bar or prohibit this Removal.  *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1075

18  (5th Cir. 1980).

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**There is Unanimity of Consent to Remove to this Court the State Court Action**

2
3

18.    PG&E is the only defendant to the State Court Action and it is axiomatic that it consents to this Removal.

4
5
6
7

WHEREFORE, pursuant to these statutes and in accordance with the rules and procedures set forth in 28 U.S.C. §§ 1441 & 1446, Pacific Gas and Electric Company removes the above-captioned action from the Superior Court of the State of California in the County of San Francisco to this Court.

8
9

Dated: June 9, 2016                                 Respectfully submitted:

10
11

**ZUBER LAWLER & DEL DUCA LLP**
MICHELE M. DESOER

12
13
14
15

By:   /s/ Michele M. Desoer
_____
Attorneys for Defendant Pacific Gas and
Electric Company

16
17
18
19
20
21
22
23
24
25
26
27
28

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 777 S.

4 Figueroa Street, 37th Floor, Los Angeles, California 90017   USA.

5      On June 10, 2016, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1367**  on the

6 interested parties in this action as follows:

7 Adam Cronin
237 Kearny Street

8 #419
San Francisco, CA 94108

9 Tel: 916-467-6040
In Pro Per

10

11 **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing,

12 following our ordinary business practices.  I am readily familiar with Zuber Lawler & Del Duca LLP's practice for collecting and processing correspondence for mailing.  On the same day

13 that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

16 Court at whose direction the service was made.

17      Executed on June 10, 2016, at Los Angeles, California.

18

19                              _/s/ Debbie J. Ellis_____
                              Debbie J. Ellis

20

21

22

23

24

25

26

27

28