# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Pacific Gas and Electric Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Adam Cronin

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br><br>400 McAllister St<br>San Francisco CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC 16-551890 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam Cronin 916 467 6040 // 237 Kearny St # 419 San Francisco CA 94108

| DATE:<br>*(Fecha)* MAY 09 2016 | CLERK OF THE COURT Clerk, by<br>*(Secretario)* | DE LA VEGA-NAVARRO, Rossaly<br>, Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov





ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 09 2016

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

1  Adam Cronin
2  237 Kearny St # 419
3  San Francisco CA
4  916-467-6040
   Adam Cronin, In Pro Per
5
6              Superior Court of California
7              County of San Francisco

                                    CGC 16-551890

8
9  Adam Cronin,                  ), Case No.:
10           Plaintiff,          )
                                 )  COMPLAINT
11      vs.                      )
                                 )  Adam Cronin vs PG&E
12 Pacific Gas and Electric      )
13 Company,                      )  Demand for Jury Trial
                                 )
14           Defendant           )

15

16                    **Jurisdiction**

17    1. This court has personal and subject-matter jurisdiction. This

18 action is an Unlimited Civil Case (exceeds $25,000).

19                      **Venue**

20    2. This venue is proper because the events giving rise to this

21 complaint happened in this district.

22                      **Parties**

23    3. Plaintiff Adam Cronin of 237 Kearny St # 419, San Francisco CA

24 94108.

25    4. Defendant Pacific Gas and Electric Company (PG&E) [is a corporation]

26 with a principal place of business at 77 Beale St, San Francisco CA, 94105

27    5. The Plaintiff is currently an employee of Pacific Gas and Electric

28 Company


                      Adam Cronin vs PG&E - 1



CALENDARED
PLEADING
DUE: 6.19.2016
Stated:  Computed:

1

2                          **Statement of Facts**

3       6. In November of 2015, Adam Cronin was certified by a healthcare professional

4   as needing protection under the Family and Medical Leave Act (FMLA) for the employees

5   own serious health condition. After 8 years of service by Adam to PG&E and a regular

6   history of positive performance metrics, Adam's direct supervisor, Senior Engineering

7   Manager Young Nguyen, began interfering with Adam's FMLA usage by demanding that Adam

8   complete work activities on FMLA days (Violation of 29 U.S. Code § 2615 - Prohibited

9   Acts). When Adam did not do so, Young began retaliating by enforcing disciplinary

10  actions on Adam, and threatening to terminate him (Section 10.3 of Title VII,

11  "Retaliation Elements", of the Civil Rights Act of 1964). Shortly after, Young began

12  sabotaging Adam's work performance in effort to constructively discharge him

13  (Violation of 10.2A Civil Rights - Title VII - Hostile Work Environment & CA Gov't

14  Code § 12951 (g) (2) - Abusive conduct), and when Adam requested reasonable

15  accommodation by the employer, it is initially approved, then denied 3 out of 4

16  requests that are made by the employee. Once the Human Resources (HR) team is

17  involved, a doctor's note is given to the employer permitting up to 8 days per month

18  in accommodation with FMLA for the employee to telecommute. The company chooses to

19  defy the request for accommodation made by the doctor and only approves up to 4

20  (Violation of Title I of the Americans with Disabilities Act).

21

22                              **Claim I**

23      7. Intentional Tort - See attachment 1

24                              **Claim II**

25      8. Breach of Legal Obligation - See attachment 2

26

27

28

                        Adam Cronin vs PG&E - 2

### Request for Relief

Wherefore, the plaintiff requests:

9. Equitable, Compensatory and punitive damages pursuant to U.S. Code Section 1981A(a)(1).

10. The compensatory damages for these non-pecuniary losses initiated by the employer can be derived from Vance v. Southern Bell Telephone and Telegraph Company, 863 F.2d 1503, 1516, 48 EPD Par. 38,626 (11th Cir. 1989), of $500,000. According to the US Bureau of Labor Statistics, this would be the 2016 equivalent of approximately $960,000.

11. The punitive damages pursuant to U.S. Code Section 1981A(a)(1)with an employer of 501 or more employees may be liable for $300,000.

12. Any applicable legal/attorney's fees

13. Any further relief which the court may deem appropriate

### Demand for Jury Trial

14. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

### Exhibits

15. Attachment 3 & Exhibits A - T provide a detailed outline and sequence of events with proof associated with this action.

Dated: 5-4-2016

Sign

By: Adam Cronin

in Pro Per

Adam Cronin vs PG&R - 3

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| PG&E FMLA Violations | |

| <u>1</u> | CAUSE OF ACTION—Intentional Tort | Page __1__ |
|---|---|---|
| (number) | | |

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Adam Cronin

alleges that defendant *(name)*: Pacific Gas and Electric Company

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* Multiple
at *(place)* 77 Beale St. San Francisco

*(description of reasons for liability):*

PG&E intentionally created a hostile work environment in retaliation for use of Adam's protected FMLA leave by creating a work/performance standard for Adam which Senior PG&E Manager, Young Nguyen, had full knowledge was unrealistic and outrageous, in an attempt to constructively discharge Adam, causing severe emotional distress

U.S. Code Section 1981A(a)(1) provides that a complaining party may recover compensatory and punitive damages against a respondent who has engaged in unlawful intentional discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-C-001(1)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

**2** _(number)_     **CAUSE OF ACTION—Breach of Contract**

**ATTACHMENT TO** [✓] Complaint [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

**BC-1.** Plaintiff (name):  Adam Cronin

alleges that on or about (date):  Multiple
a [ ] written [ ] oral [✓] other (specify):  Legal obligation
agreement was made between (name parties to agreement):
Adam Cronin and Pacific Gas and Electric Company

[ ] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [✓] are as follows (specify):

Pacific Gas and Electric Company (PG&E) has the legal obligation to 1) Not interfere with
protected FMLA leave(29 U.S. Code § 2615 – Prohibited Acts) 2) Not retaliate for use of
FMLA leave (Section 10.3 of Title VII, "Retaliation Elements", of the Civil Rights Act of 1964)
3) Provide reasonable accommodation in accordance with Title 1 of the Americans with
Disabilities Act

**BC-2.** On or about (dates):  Multiple
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [✓] the following acts
(specify):

1) Demanding that Adam completes work on/during use of a FMLA day. 2) Impose disciplinary
actions in response to use of FMLA time, including the threat of termination (in writing, see
attachments, Exhibit L). 3) Initially agreeing to a reasonable accommodation, then refusing 3
out of 4 requests for the accommodation

**BC-3.** Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

**BC-4.** Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [✓] as follows (specify):

1) Dramatically increased stress and lack of sleep, leading to an increased need to use FMLA
time (Non-pecuniary) 2) Emotional distress (Non-pecuniary) 3) loss of pay due to the increase
in need for FMLA usage as result of the actions taken by the employer (pecuniary)

**BC-5.** [✓] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[✓] according to proof.

**BC-6.** [ ] Other:

Page ___1___

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]     **CAUSE OF ACTION—Breach of Contract**     Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

**ATTACHMENT (Number): 3**

*(This Attachment may be used with any Judicial Council form.)*

In November of 2015 the Employee (Adam) of Pacific Gas and Electric Company (PG&E) re-established an FMLA claim due to a serious medical condition. This was the second time Adam had been on FMLA in nearly 8 years of service to Pacific Gas and Electric. FMLA records with PG&E's FMLA Administrator will show that Adam had been on FMLA previously, from 2012 to 2014.

While reporting to Young Nguyen (Senior Meter Engineering Manager for PG&E), Adam received good marks for performance in 2014 and 2015 (Exhibit A), the most recent performance appraisal being administered by Young in January of 2016 for the prior year.

Due to mounting undue stress brought upon by Young Nguyen for use of sick/FMLA time, and a lack of sleep, both of which are major contributors to Adam's medical condition, caused an increased need for the use of FMLA. As the use of FMLA increased in early 2016, retaliatory and interfering actions and conversations between Adam and Young Nguyen increased.

Example one:

Young Nguyen informed Adam via text message (Exhibit B) that he will not allow Adam to take sick time, despite having the time available. This action lead to the re-establishment of Adam's FMLA.

Example two:

On March 2nd, Adam took a FMLA in which Young was notified. Young sends Adam a text message saying specifically:
"Do these Today please
Please respond to Felida email and
Email out the meeting minutes for Monday meeting"
then "Respond?"(Exhibit C)
In the given example the employer is interfering with Adam's legally protected FMLA time by insisting that Adam complete work actions after Young has been made aware of Adam's FMLA usage for that day.

Example three:

On March 3rd Adam utilized an FMLA day, and in response on the same day, Young Nguyen & technical assistant, Kathy Nguyen, enforced a desk move (Exhibit D) which specifically placed Adam right next to Young and Kathy in order to undergo constant surveillance. This move consisted of moving Adam's desk from about 30 away from Young and Kathy's offices to about 5 feet away from Kathy's office. Young has made claims that this desk move was to facilitate a "training and coaching plan", which is disciplinary in nature and was done directly in response to FMLA usage. This is a retaliatory action by the employer for taking legally protected FMLA time.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___6___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

ATTACHMENT (Number): 3

(This Attachment may be used with any Judicial Council form.)

**Example four:**

On March 3rd & 4th, after Young was notified of Adam taking the legally protected FMLA time, Young again interferes with Adam's FMLA usage in emails by stating
"What is physically wrong with you?" (Exhibit E)
"Did you see your doctor? Can you help Felida and capture minutes" (Exhibit F)
"Would you please email me the doctor's note or other medical documentation relating to your absence/sick leave this week" (Exhibit G)
"It is required that you provide/email me a doctor's note or other medical documentation..." (Exhibit H)
Young was notified of the approval of the sick time by PG&E FMLA Claims Administrator (Sedgwick), and is creating a hostile work environment by demanding personal medical documentation beyond the approvals of the FMLA time off approved by PG&E claims administrator.

**Example five:**

On March 17th Adam came into work early and left at 3pm in order to go to a doctors appointment. Once Adam informed Young of this, Young responded with
"Please bring me a doctors appointment document.."
"Tomorrow, Alex Yan, on my behalf will collect the doctor appointment document" (Exhibit I)
"Please provide proof or witness of peer/coworker who saw you report to work" (Exhibit J)
In these examples, Young is unnecessarily involving other individuals in Adam's FMLA use, further creating a hostile work environment by requiring Adam to submit medical documentation to individuals he does not report to, and requiring witnesses for others in the office for when Adam enters and/or leaves the building.

**Example six:**

On March 19th Young began targeting Adam's performance as a source of disciplinary action in order to coerce Adam, by interfering with, and retaliating for use of legally protected and approved FMLA usage. When Adam asked what is the reason for the desk change, Young responded with
"This move will facilitate the technical training and coaching plan that I will provide to you daily. The technical training and coaching will help you improve the management of the electric program and specifically the 2G project to completion." (Exhibit K)

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 2 of 6

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

ATTACHMENT (Number): __3__

*(This Attachment may be used with any Judicial Council form.)*

**Example six (continued)**

This comes just 2 months after Young gave Adam a "Meeting all targets" rating for performance in 2015. This retaliatory action is followed up with another email from Young on March 30th which stated "2016 performance slipped due to a lack of presence at the office..."
"Information on coaching and performance plan is provided below
1. Informal coaching or performance monitoring with documentation is in place between Young and Adam. Both agreed that if the performance and attendance have not been improved by 4/30/16, this step will be moved to a formal coaching plan as described in step 2.  Young's and Adam discussed and agreed at 430PM on 3/30/16 that both work together so Adam will improve his performance and not move to steps 2 and 3.
2. Formal coaching plan will start and last for 90 days.  If performance would not be improved at the end of the 90th day, this step will move to Performance Improvement Plan as noted below.
3. Performance Improvement Plan will start and last 45 days.  If the performance is still not improved, the employment may be terminated." (Exhibit L)
In this email, Young specifically states that "If performance and attendance have not improved... employment may be terminated". This is a direct threat taken by the employer for using legally protected FMLA time. Also, Young delineates that the "coaching and performance monitoring" plan that Adam is on is the first of three steps of discipline, which is retaliatory in nature as this is directly in response to Adam's FMLA usage.

**Example seven**

In 2015, Meter Asset Management & Meter Engineering created a business case and requested funding to create a system which will allow various groups/departments the ability to "trace" the path and location of meters across PG&E's vast service territory. This initiative was never approved, but was heavily influenced by Young Nguyen, and was called the "Meter Traceability" project. (Exhibit M)
The reason for this request is that PG&E does not have an accurate, efficient, or effective way of tracking the location of Electric Meters once they leave a central shipping location.
In an email on March 19th, Young begins requiring Adam to track the location of meters with full knowledge that meter tracing is
1) Not the responsibility of an Engineering project/program manager. This is the responsibility of the Meter Asset Manager
2) Not feasible, realistic, or in the realm of capability with PG&E's current technology systems surrounding that particular problem.
Creating a performance measure on the heels of other retaliatory and interfering actions/discussions which the Engineering Manager has full knowledge that this is not a feasible or realistic performance measure is further proof of the retaliatory actions the employer is taking upon the employee should be considered extreme and outrageous under California Tort Law.
(See Exhibit N)
Young reiterates this requirement on 3/24 (Exhibit Q), and continues to push these requirements on Adam until 4/29/16 when Young's actions were brought to the attention of Human Resources and upper management (Exhibit T)

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __3__ of __6__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

ATTACHMENT *(Number):* 3

*(This Attachment may be used with any Judicial Council form.)*

**Example eight**

On an email from Young on March 24th, Young states
"during the day that Adam is out on FMLA or sick leave, Adam requested if he would be allowed to work part time from home if his condition becomes better, which Young agreed." (Exhibit O)
This statement is further proof of the attempts by the employer to coerce and interfere with the employee's FMLA usage.

**Example nine**

On an email from Young Nguyen on April 4th, after Adam informs Young of his FMLA usage on that day, Young retroactively applies performance metrics by stating
"assignments due on 4/1/16:
.. The 2G deployment plan should have been emailed to me before COB 4/1/16"
"ask the FMO team in the Monday 4/4/16 conference call ... (FMLA today 4/4/16)" (Exhibit P)
By retroactively applying these performance metrics in response to Adam taking FMLA usage, this is a deliberate attempt by the employer to inflict constructive discharge by creating a hostile work environment.

**Example ten**

On 3/24/16 Young confirms in an email (Exhibit Q) that he would accommodate Adam's FMLA condition by working remotely (on item number 4 of the Exhibit). Young later then denied Adam's request to accommodate on 3 out of 4 requests which Adam made for the employer to accommodate the condition. This was documented in an email on 4/28/16 between Adam, Young, and a Human Resources representative, Priscilla Canesa (Exhibit R).

**Conclusion**

These actions taken by the employer has lead to undue stress, anxiety, discrimination, emotional distress, and an uncomfortable and humiliating work environment for Adam. The undue stress and burden has lead to a dramatically increased need to utilize FMLA time (this condition is aggravated/intensified by stress and lack of sleep, which Young was informed of). The compensation in damages sought are for the interference, retaliation, emotional distress, hostile work environment, pain and suffering for the use of legally protected FMLA leave. Additionally, Adam has been forced to seek psychiatric counseling for the mental and emotional trauma inflicted by the employer after 8 years of dedicated service.

The actions by the employer to initially approve an accommodation request by the employee proves that the accommodation request is reasonable. The employer's following actions to deny 3 out of 4 requests by the employee further proves that the employer's actions are malicious, intentional, and unfounded. This violates Title I of the Americans with Disabilities Act (ADA)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

ATTACHMENT (Number): 3

*(This Attachment may be used with any Judicial Council form.)*

**Conclusion (continued)**
In section 10.3 of Title VII, "Retaliation Elements", of the Civil Rights Act of 1964
The employer meets all elements of retaliation under the law by moving Adam's work station and placing him on a "coaching and training plan", unnecessarily involving other peers/coworkers in Adam's returning to/from work in order to foster a hostile work environment, specifically stating that if Adam's performance & attendance does not improve, that it may lead to employment termination, and setting a performance standard for Adam in which Young has full knowledge is unrealistic and retaliatory in nature.

U.S. Code Section 1981A(a)(1) provides that a complaining party may recover compensatory and punitive damages against a respondent who has engaged in unlawful intentional discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

This section stipulates that an employer with 501 employees or more may be liable for $300,000 in punitive damages to the employee for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses."

Non-pecuniary losses as result of the actions previously mentioned by the employer include injury to character, loss of health (the actions by the employer have dramatically exacerbated Adam's condition, and have forced him to seek further physical and mental health care). Adam has suffered sleeplessness, anxiety, stress, depression, humiliation, and emotional distress which have forced him to seek psychiatric care and medications for these conditions as well. The damages for these non-pecuniary losses initiated by the employer is $500,000 (Vance v. Southern Bell
Telephone and Telegraph Company, 863 F.2d 1503, 1516, 48 EPD Par.
38,626 (11th Cir. 1989)). According to the US Bureau of Labor Statistics, this would be the 2016 equivalent of approximately $960,000 when adjusted for inflation.

In "Example seven" of the aforementioned text, the employer violates CA Gov't Code § 12951 (g) (2) which defines abusive conduct as "..Humiliating, or the gratuitous sabotage or undermining of a persons work performance"

In addition to the aforementioned Title VII violation Pacific Gas and Electric Company is in direct violation with the following regulations
29 U.S. Code § 2615 - Prohibited acts
CA Government Code § 12951 (g) (2) - Abusive conduct
"Interference with rights" by the employer's demands to perform work on days where FMLA is being used
Civil Rights 10.2 Title VII - Hostile Work Environment
CA Government Code § 12945.2
Title I of the Americans With Disabilities Act (refusal for reasonable accommodation, intentional discrimination)

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 6

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PG&E FMLA Violations | |

ATTACHMENT (Number): __3__

*(This Attachment may be used with any Judicial Council form.)*

**Exhibit name and description**

Exhibit A - 2015 Year End Performance Appraisal for Adam Cronin, by Young Nguyen
Exhibit B - Text Message from Young Nguyen prohibiting Adam from using sick time
Exhibit C - Text Message from Young Nguyen insisting that Adam works from home on FMLA day
Exhibit D - Email from Kathy Nguyen informing Adam of the requirement to change desk locations
Exhibit E - Email from Young Nguyen demanding to know "what is physically wrong with (Adam)"
Exhibit F - Email from Young Nguyen asking Adam to perform work functions while on FMLA leave
Exhibit G - Email from Young Nguyen demanding personal medical documentation for approved FMLA leave
Exhibit H - Email from Young Nguyen demanding additional personal medical documentation for FMLA
Exhibit I - Email from Young Nguyen unnecessarily involving Alex Yan in Adam's personal FMLA usage
Exhibit J - Email from Young Nguyen requiring Adam to provide witness proof of Adam's office time
Exhibit K - Email from Young Nguyen initiating a training and coaching plan for Adam, targeting performance as a new & sudden area requiring improvement
Exhibit L - Email from Young Nguyen which the employer threatens the job of employee for using FMLA
Exhibit M - Email from Young Nguyen confirming his concurrence with request writeup for funding for the Meter Traceability Project.
Exhibit N - Email from Young Nguyen requiring Adam to track/trace meters with full knowledge that this is not a realistic performance measure
Exhibit O - Email from Young Nguyen interfering with Adam's FMLA usage by coercing him to work on days where FMLA is used
Exhibit P - Email from Young Nguyen creating retroactive performance metrics in response to FMLA usage
Exhibit Q - Email from Young Nguyen which confirms the accommodation request by Adam for the FMLA condition
Exhibit R - Email between Young, Adam, and Prisoilla of Human Resources confirming the denial on accommodation on 3 out of 4 requests.
Exhibit S - Right to sue letter from the Department of Fair Employment and Housing
Exhibit T - Email from Young conceding saboteur-like behavior

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __6__ of __6__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# Exhibit A

**2015 Performance Appraisal**
**Manager:    Duong Minh Nguyen**
**Employee:   Adam Jasper Cronin**
**Print Date:  04/08/2016**

| | Overall Goals | | Overall Competencies | |
| --- | --- | --- | --- | --- |
| | Year-End | Mid-Year | Year-End | Mid-Year |
| **Manager** | Target | Target | Successful | Successful |
| **Employee** | Exceeds Target | Exceeds Target | Role Model | Role Model |

## MANAGER'S EVALUATION OF GOALS

**Year-End Overall Goal Comment:**
  Adam met his goals

**Mid-Year Overall Goal Comment:**
  Continues/needs to monitor and track all electric program work.

  2G project lists continue to improve and become more organized.

| 1.1 Safe |
| --- |

# Exhibit B

Back to Phone          3:20 PM          Batt

‹ Messages  +1 (415) 533-2194          Details

Ok

Message
Fri, Nov 6, 3:47 PM

I won't accept sick day today.
Either vacation or day off
without pay.



Fri, Nov 6, 4:31 PM

HR contacted me and wanted
the reasons for your sickness
and not working.  Not sure what
else will happen next

# Exhibit C



●●●●● AT&T LTE          4:11 PM          ⅗ 90% ⟋

‹ Messages (1) +1 (415) 639-2194      Details

Wed, Mar 2, 9:05 AM

**Do these Today please**
**Please respond to Felida email**
**And**                                      9:08 AM
**Email out the meeting minutes**
**for Monday meeting**

Wed, Mar 2, 12:30 PM

**Respond?**                    12:32 PM

Thu, Mar 3, 9:46 AM

**You are not reporting to work**
**with no reasons.  I just called**        9:45 AM
**and you did not pick up your**
**phone**

Fri, Mar 4, 9:19 AM

For some reason I'm not able to
log into the network at the
moment to put on my calendar      9:19 AM
but my payroll examination
number for today is
1xxxxxxxx

# Exhibit D

## Cronin, Adam

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 03, 2016 10:19 AM |
| **To:** | Cronin, Adam; Nguyen, Kathy |
| **Subject:** | RE: Adam sick |

There is no email from PGELeaveCenter@sedgwick.com for today at all, Adam

What is wrong physically with you?

---

**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:17 AM
**To:** Nguyen, D. Young; Nguyen, Kathy
**Subject:** RE: Adam sick

This is not a planned leave. Its an intermitted or random health condition that is impossible for me to predict. I am unable to speak on the phone at this time

**Adam Cronin | Program Manager**
***Metering Services & Engineering - Electric***
***Pacific Gas and Electric Company***
Phone: 415-973-9017
77 Beale St, San Francisco
Email: alcu@pge.com

---

**From:** Nguyen, D. Young
**Sent:** Thursday, March 03, 2016 10:01 AM
**To:** Cronin, Adam; Nguyen, Kathy
**Subject:** RE: Adam sick

You have not informed me of this. Why are you not picking up your phone when I called nor responding back to my text.

Please call me

-----Original Appointment-----
**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:00 AM
**To:** Nguyen, D. Young; Nguyen, Kathy
**Subject:** Adam sick
**When:** Thursday, March 03, 2016 12:00 AM to Friday, March 04, 2016 12:00 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** na

FMLA sick hours confirmation 1455554001

1

Exhibit E

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 03, 2016 10:19 AM |
| **To:** | Cronin, Adam; Nguyen, Kathy |
| **Subject:** | RE: Adam sick |

There is no email from PGELeaveCenter@sedgwick.com for today at all, Adam

What is wrong physically with you?

---

**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:17 AM
**To:** Nguyen, D. Young; Nguyen, Kathy
**Subject:** RE: Adam sick

This is not a planned leave. Its an intermitted or random health condition that is impossible for me to predict. I am unable to speak on the phone at this time

Adam Cronin | Program Manager
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-8017
77 Beale St, San Francisco
Email: aicu@pge.com

---

**From:** Nguyen, D. Young
**Sent:** Thursday, March 03, 2016 10:01 AM
**To:** Cronin, Adam; Nguyen, Kathy
**Subject:** RE: Adam sick

You have not informed me of this.  Why are you not picking up your phone when I called nor responding back to my text.

Please call me

-----Original Appointment-----
**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:00 AM
**To:** Nguyen, D. Young; Nguyen, Kathy
**Subject:** Adam sick
**When:** Thursday, March 03, 2016 12:00 AM to Friday, March 04, 2016 12:00 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** na

FMLA sick hours confirmation 1455554001

1

# Exhibit F

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 03, 2016 10:48 AM |
| **To:** | Cronin, Adam |
| **Subject:** | Re: Adam sick |

Did you see your doctor?

Can you help Felida and capture minutes?

Sent from my iPhone

On Mar 3, 2016, at 10:24 AM, Cronin, Adam <AJCu@pge.com> wrote:

> My condition is debilitating and was told I should avoid distress when its occuring
>
>
> **Adam Cronin | Program Manager**
> *Metering Services & Engineering - Electric*
> *Pacific Gas and Electric Company*
> Phone: 415-973-9017
> 77 Beale St, San Francisco
> Email: ajcu@pge.com
>
>
> _____
> **From:** Nguyen, D. Young
> **Sent:** Thursday, March 03, 2016 10:21 AM
> **To:** Cronin, Adam
> **Subject:** RE: Adam sick
>
>
> Can you talk?
>
> _____
> **From:** Cronin, Adam
> **Sent:** Thursday, March 03, 2016 10:21 AM
> **To:** Nguyen, D. Young; Nguyen, Kathy
> **Subject:** RE: Adam sick
>
>
> They may still be processing the request. I am not sure why but that is the confirmation number that
> they provided for my FMLA report 1455554001
>
>
> **Adam Cronin | Program Manager**
> *Metering Services & Engineering - Electric*
> *Pacific Gas and Electric Company*
> Phone: 415-973-9017
> 77 Beale St, San Francisco
> Email: ajcu@pge.com

1

Exhibit G

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Friday, March 04, 2016 8:38 AM |
| **To:** | Cronin, Adam |
| **Subject:** | RE: Adam sick |

Adam, You took sick leave from Tuesday 3/1/16 to Thursday 3/3/16. Not sure if you will report to work today.

Would you please email me the doctor's note or other medical documentation relating to your absence/sick leave this week.

Thanks,

Young

**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:25 AM
**To:** Nguyen, D. Young
**Subject:** RE: Adam sick

My condition is debilitating and was told I should avoid distress when its occuring

Adam Cronin | Program Manager
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-9017
77 Beale St, San Francisco
Email: alcu@pge.com

**From:** Nguyen, D. Young
**Sent:** Thursday, March 03, 2016 10:21 AM
**To:** Cronin, Adam
**Subject:** RE: Adam sick

Can you talk?

**From:** Cronin, Adam
**Sent:** Thursday, March 03, 2016 10:21 AM
**To:** Nguyen, D. Young; Nguyen, Kathy
**Subject:** RE: Adam sick

1

# Exhibit H

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Friday, March 04, 2016 3:10 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Nguyen, Kathy |
| **Subject:** | RE: Requirement for Adam sick more than 3 days |

Correction of the dates in red below

---

**From:** Nguyen, D. Young
**Sent:** Friday, March 04, 2016 12:45 PM
**To:** Cronin, Adam
**Cc:** Nguyen, Kathy
**Subject:** Requirement for Adam sick more than 3 days

Adam,

If I interpreted this requirement correctly:
"Your employee has an illness or injury that prevents them from working for more than three consecutive days and they will require more than two visits to a health care provider or one office visit resulting in a regiment of continuing care."

The sick leave was from Tuesday 3/1/16 to Friday 3/4/16, which is four consecutive days.

It is required that you provide/email me the doctor's note or other medical documentation relating to your absence/sick leave this week.

Thanks,

Young

---

**From:** Cronin, Adam
**Sent:** Friday, March 04, 2016 9:41 AM
**To:** Nguyen, D. Young
**Subject:** RE: Adam sick

The only thing that I can provide for this week is the FMLA approvals by PG&E leave of absence claims administrator (Sedgwick). Those emails are generated once the administrator processes the claim request and approves it

**Adam Cronin | Program Manager**
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-8017
77 Beale St, San Francisco
Email: aicu@pge.com

1

Exhibit I

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 17, 2016 5:01 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander |
| **Subject:** | Document of the doctor appointment today 3/17/16 |

Adam

You were in the staff meeting from 200PM – 230PM and then stepped out.   You did not return to the meeting.   The meeting was scheduled for 2-3PM, but the team agreed to go beyond 3 PM.  It ended around 330PM.

I texted you at 3:38 PM 3/17/16 requesting you to see me in the office. You texted me back, "I have a doctor appointment."  Please note, you did not report to me that you would be leaving early for a doctor appointment, until I asked via a text message.

I texted back to ask you to call me, but you did not call me back.  I called , but you were not picking up the phone.

I texted you, "Please bring me doctor appointment document" and is following up with this email to request for such doctor proof.

Tomorrow, Alex Yan, on my behalf, will collect the doctor appointment document for 3/17/16 from you.  If not, next Monday-Wednesday (3/21/16-3/23/16), please see Alex Yan and provide the doctor appointment document for 3/17/16.

If there are non-work related issues that may be impacting your performance, I would like to remind you that confidential assistance through our Employee Assistance Program is available. Call the EAP Hotline at 1-888-445-4436 to speak with a Licensed Employee Assistance Professional who can connect you to the right resource.

Thank you,

Young

1

# Exhibit J

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Saturday, March 19, 2016 2:53 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander |
| **Subject:** | RE: Document of the doctor appointment today 3/17/16 |

Adam —

Please provide proof and witness (the coworker/peer who saw you reported to work at an approximate time in the 3/17/16 morning).

I will ask others to find out what time you came in and logged in to work on 3/17/16.

Thanks

Young

**From: Cronin, Adam**
**Sent: Friday, March 18, 2016 9:15 AM**
**To: Nguyen, D. Young**
**Cc: Yan, Alexander**
**Subject: RE: Document of the doctor appointment today 3/17/16**

For the record I left at 3 PM and came in at about 730 AM

**Adam Cronin | Program Manager**
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-8017
77 Beale St, San Francisco
Email: alcu@pge.com

**From: Nguyen, D. Young**
**Sent: Thursday, March 17, 2016 5:01 PM**
**To: Cronin, Adam**
**Cc: Yan, Alexander**
**Subject: Document of the doctor appointment today 3/17/16**

Adam

You were in the staff meeting from 200PM – 230PM and then stepped out.  You did not return to the meeting.  The meeting was scheduled for 2-3PM, but the team agreed to go beyond 3 PM.  It ended around 330PM.

I texted you at 3:38 PM 3/17/16 requesting you to see me in the office.  You texted me back, "I have a doctor appointment."  Please note, you did not report to me that you would be leaving early for a doctor appointment, until I asked via a text message.

I texted back to ask you to call me, but you did not call me back.  I called , but you were not picking up the phone.

1

# Exhibit K

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Saturday, March 19, 2016 6:51 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander |
| **Subject:** | RE: Work Req: 1821684 "MOVES/FURNITURE OR PERSONNEL MOVE (ON-SITE)" |

Adam,

FYI – the heads-up notification was emailed to you on March 8, 2016. If you would like to discuss this move, I will be happy to meet and discuss.

This move will facilitate the technical training and coaching plan that I will provide to you daily. The technical training and coaching will help you improve the management of the electric program and specifically the 2G project to completion. We will discuss this plan in details and I will set up the meeting for it.

Please move your office to 1459C.

Thanks in advance for your understanding and support,

Young

---

**From:** Cronin, Adam
**Sent:** Friday, March 18, 2016 3:05 PM
**To:** Nguyen, Kathy
**Cc:** Nguyen, D. Young
**Subject:** RE: Work Req: 1821684 "MOVES/FURNITURE OR PERSONNEL MOVE (ON-SITE)"

I would like to know the answer before I move my stuff over to the new work station

**Adam Cronin | Program Manager**
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-9017
77 Beale St, San Francisco
Email: ajcu@pge.com

---

**From:** Cronin, Adam
**Sent:** Friday, March 18, 2016 12:40 PM
**To:** Nguyen, Kathy
**Cc:** Nguyen, D. Young
**Subject:** RE: Work Req: 1821684 "MOVES/FURNITURE OR PERSONNEL MOVE (ON-SITE)"

Kathy can you tell me the reason this move was requested?

1

Adam Cronin | Program Manager
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-8017
77 Beale St, San Francisco
Email: ajcu@pge.com

From: Nguyen, Kathy
Sent: Monday, March 07, 2016 9:30 AM
To: Cronin, Adam
Cc: Nguyen, D. Young; Nguyen, Kathy
Subject: FW: Work Req: 1821684 "MOVES/FURNITURE OR PERSONNEL MOVE (ON-SITE)"

Hi Adam,

Please note the move date for your desk from 1459F to 1469F will be on March 17, 2016. IT Telecom will swap
your desk phone line for you. Since this is a local move (within the floor), please use the cart in the copy room to
move you belongings to the new desk.

Thank you,
Kathy

-----Original Message-----
From: FacilitiesManagementOffice [mailto:website@bigcenter.com]
Sent: Thursday, March 03, 2016 10:58 AM
To: Nguyen, Kathy
Subject: Work Req: 1821684 "MOVES/FURNITURE OR PERSONNEL MOVE (ON-SITE)"

Alert: This message originated outside of PG&E. Use caution when opening attachments, clicking links or
responding to requests for information.
*******************************************

Requestor: ADAM CRONIN
Phone: 415-973-9017

Contact: KATHY NGUYEN
Contact Phone: 415-973-0746

Building: 77BL General Office Complex - 77 Beale Street-217704
Address: 77 BEALE STREET
SAN FRANCISCO, CALIFORNIA 94105

Tenant:
Floor: 14
Room: 1459F

Work Type: MOVES
Problem Type: FURNITURE OR PERSONNEL MOVE (ON-SITE)
Priority: Sch - Scheduled 30 Days
Billable: Billable
Order Number:

2

# Exhibit L

**Cronin, Adam**

| | |
|---|---|
| From: | Nguyen, D. Young |
| Sent: | Wednesday, March 30, 2016 4:36 PM |
| To: | Cronin, Adam |
| Subject: | RE: 3/30 In Person Meeting |

Adam, Please see my response with our discussion/agreement and typing at the same time.

Young

From: Cronin, Adam
Sent: Wednesday, March 30, 2016 3:04 PM
To: Nguyen, D. Young
Subject: 3/30 In Person Meeting

Hi Young,

In confirmation of our discussion today at 2:15PM, please confirm the following..

My absences on 3/21, 3/22 were not approved due to late reporting to claims administrator Sedgwick
I did send an email notification to you and Kathy Nguyen before the start of my shift on both days
No disciplinary action is being taken at this time due to these instances
Response: Correct.  No disciplinary action is taken now.

A separate discussion, Adam and Young agreed that Adam will report 3/21, 3/22, and 3/23/16 as time off without pay.

My 2015 overall performance was meeting all targets as we discussed and confirmed on my annual review
My 2016 performance slipped due to a lack of presence at the office and lack of tracking of Metering Inventory for 2G
project (Response: Yes on the 2 points noted.  Also, lack of project coordination, weekly calls, reporting of project
progress, addressing project issues, etc.)
No formal coaching plan is in effect at this time, but if there is, HR would be notified (Response: Correct on no formal
coaching plan. Additional information on the coaching plan and performance improvement plan is provided below)

1.  Informal coaching or performance monitoring with documentation is in place between Young and Adam.  Both
    agreed that if the performance and attendance have not been improved by 4/30/16, this step will be moved to a
    formal coaching plan as described in step 2.  Young's and Adam discussed and agreed at 430PM on 3/30/16 that
    both work together so Adam will improve his performance and not move to steps 2 and 3.
2.  Formal coaching plan will start and last for 90 days.  If performance would not be improved at the end of the
    90th day, this step will move to Performance Improvement Plan as noted below.
3.  Performance Improvement Plan will start and last 45 days.  If the performance is still not improved, the
    employment may be terminated.

Please advise/confirm

**Adam Cronin | Program Manager**
*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-8017

1

# Exhibit M

**Cronin, Adam**

| | |
|---|---|
| From: | Nguyen, D. Young |
| Sent: | Tuesday, March 03, 2015 6:02 PM |
| To: | Console, David; Ervin, Debra; Davis, Earle S; Gomez, Thomas |
| Cc: | Chen, Felida; Cronin, Adam |
| Subject: | RE: Meter Traceability Draft Testimony |

OK with the write up


From: Console, David
Sent: Tuesday, March 03, 2015 5:57 PM
To: Ervin, Debra; Nguyen, D. Young; Davis, Earle S; Gomez, Thomas
Cc: Chen, Felida; Cronin, Adam
Subject: Meter Traceability Draft Testimony


Deb, Young, and Earle:

I have drafted a couple of paragraphs on Meter Traceability for insert into the IT Project Chapter per Sameh's request.   Please review the draft testimony below and provide me any edits/feedback by tomorrow.  I will then forward to IT team, for insert into the IT project chapter, and in alignment with our needs:

Meter Traceability Phase Two (Draft Written Testimony for IT Project Chapter)

Currently, PG&E does not have the capability to track all of its meter inventory once the meters leave the central warehouse. Meters that are distributed to various yards in our service territory or meters that are stored on trucks as inventory stock are unaccounted for until installation and connection with the SmartMeter network.  This presents challenges for the company in determining appropriate meter replenishment levels which impacts field organizations as they need the inventory to perform meter maintenance work and as the company is trying optimize and avoid unnecessary inventory purchases and keep inventory stock as low as possible.  In the 2014 GRC, we initiated and have completed the first phase of the Meter Tractability project in partnership with Metering Services and Engineering (MS&E), which mainly helped to automate the loading of gas and electric meter information into the company's meter asset management system.

The next phases of Meter Traceability will focus on the following: (1) expanding corporate managed Inventory (CMI) into SAP to include all meters (mass market and specialty meters) so that the company can leverage its automatic replenishment systems for meters to better meet field demand, (2) expanding inventory management of rolling stock (also known as truck stock) that will include systems, technology (this may include integration with mobile devices used by Field Metering personnel), and business processes to track and account for the rolling stock, and (3) upgrading and integration of enterprise systems such as SAP and the Customer Care and Information Billing (CC&B) to enable tracking of gas and electric meters and gas modules at the individualized serialized level through-out the entire operational life cycle of the meter assets.   With the additional IT enhancements, Metering Services and Engineering will be able to better balance meter inventory levels across its service territory, accurately account for rolling stock, optimize meter purchases, meet field demand, and track its meter assets from its end to end lifecycle.

Thank you,

1

David

**From:** All, Sameh
**Sent:** Tuesday, March 03, 2015 11:52 AM
**To:** Console, David
**Subject:** RE: Meter Traceability

David, I presume the below is the language you will incorporate into your testimony?  Can you also provide me a paragraph or two that I can incorporate into the Customer Care Technology Programs testimony which speaks to the intended benefits of the Meter Traceability project?

**From:** Console, David
**Sent:** Tuesday, March 03, 2015 11:44 AM
**To:** All, Sameh
**Subject:** Meter Traceability

Sameh,

FYI – In drafting the GRC for MS&E, I wanted to make sure we are in sync.  See below:

In the 2014 GRC, we initiated the Meter Traceability project in partnership with IT, which helped to automate the loading of gas and electric meter information into our meter asset management system. This was program managed and developed by IT.  MS&E is engaged with vendors to develop a dispensing system that will provide added security of our gas and electric metering assets, improved industrial ergonomics, and an inventory/control system to manage the inventory.  Once development is complete, MS&E will need to integrate the dispensing system to back office meter inventory systems and to deploy enterprise wide.  The integration portion into the back office system (Meter Traceability Phase 2) is covered in the IT projects section.

Please confirm,

David

# Exhibit N

**Cronin, Adam**

| | |
|---|---|
| From: | Nguyen, D. Young |
| Sent: | Saturday, March 19, 2016 1:57 PM |
| To: | Cronin, Adam |
| Cc: | Chen, Felida |
| Subject: | RE: Meeting Minutes MNO Metrics Working Session |

Adam, For your action and respond by Monday 3/21/16.

Your actions is to provide a monthly comprehensive report on:
1) how many regular AMI meters are installed
2) how many kVAR AMI meters are installed
3) how many MV 90 meters are installed
4) Actual monthly labor costs and calculate labor unit costs based on installed units

And work with Felida and Holly to provide the following information on the same monthly comprehensive report
5) Number regular AMI meters in the warehouse inventory at the time of report
6) Number regular AMI meters in the local yards inventory at the time of report
7) Number kVAR AMI meters in the warehouse inventory at the time of report
8) Number kVAR AMI meters in the local yards inventory at the time of report
9) Number MV90 meters in the warehouse inventory at the time of report
10) Number MV90 meters in the local yards inventory at the time of report
11) Variance explanation
12) Collaboration

Young

| | |
|---|---|
| From: | Chen, Felida |
| Sent: | Friday, March 18, 2016 4:19 PM |
| To: | Cronin, Adam |
| Cc: | Nguyen, D. Young |
| Subject: | FW: Meeting Minutes MNO Metrics Working Session |

Adam,

Shall I work with you to track the 2G to AMI on a monthly basis?

**Track 2G to AMI Project Monthly**
a. 4,039 units annual target (need to confirm with Adam Cronin)
b. Track $2.0M in materials budget for incremental material purchases & track inventory levels to support the project
c. Unit cost?
d. Provide variance explanations
e. Collaborate with Adam, Tim, Lori

Would you be able to provide:
• Actual monthly install number by material codes?

1

# Exhibit O

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 24, 2016 10:58 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander |
| **Subject:** | 3/24/16 – Discussions, Notes and Agreements between Adam Cronin and Young (with Alex Yan's attendance) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Adam,

The notes below are our agreements on time reporting/attendance, and the steps/actions you will carry out to complete the 2G project.

**Notes:**
1. FMLA time reporting code is 2023
2. We will start on-going daily meetings (plan the daily work at 8 AM and recap the daily work at 4 PM). Recurring meetings were set with Alex, Adam and Young.
3. When Young is not available in the office, Alex Yan will be the back up supervisor for Adam Cronin to report to.

**Agreements on time reporting and attendance,** Adam Cronin will:
1. If FMLA is not approved and sick leave and vacation time not available, Adam's time will be reported as "un-paid time off"
2. Inform Young (or Alex or another supervisor if Young is not in the office) before leaving for a medical appointment. (Same expectation for all team members in the department)
3. Report the time off (vacation, sick leave, FMLA, etc.) one day in advance. If, for any reason, the one day in advance is not possible, the advance report from Adam to Young will be <u>before</u> 8 AM of the day that Adam is taking time off. The advance report will be a text from Adam to Young before 8AM, Alex (Back up supervisor) and Kathy Nguyen (The department's Technical Assistance) with a meeting invite emailed after 8 AM the same-day to place the "Adam's Absence reasons" on Young's calendar. (Same expectation for all team members in the department)
4. Arrangement to get work done during Adam's absence: Adam will not be allowed to work remotely. However, during the day that Adam is out on FMLA or sick leave, Adam requested if he would be allowed to work part time from home if his condition becomes better, which Young agreed. During Adam's absence, Young may reach out to others within department to continue and make progress on Adam's projects.
5. If there are non-work related issues that may be impacting Adam's performance, I (Young) would like to remind Adam/you that confidential assistance through our Employee Assistance Program is available. Call the EAP Hotline at 1-888-445-4436 to speak with a Licensed Employee Assistance Professional who can connect you to the right resource. Please understand, however, that you remain accountable for meeting work expectations and performance standards.

**Adam's Actions** on the 2G Project discussed on 3/24/16:

1. 477 Metrum 4G MV 90 meters: a) Prepare and email a list of the outstanding 2G MV90 meters to Margaux (FMO) to identify which meters to receive field orders (Completed 3/24/16). This selection will provide the list of meters needed to be shipped to local yard for installation, b) Work with Margaux Camacho and Holly Finney to coordinate the Metrum 4G meters to local shops for installation.

1

Exhibit P

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Monday, April 04, 2016 9:35 AM |
| **To:** | Cronin, Adam |
| **Subject:** | Notes of the discussion on 4/1/16 and Follow-up on 4/4/16: 3/30 In Person Meeting |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Monday, April 04, 2016 6:30 AM |
| **Flag Status:** | Flagged |

Adam,

Below are assignments on 4/1/16:

1) Prepare and complete the 2G Project deployment plan for 2016 the same day 4/1/16. The 2G deployment plan should have been emailed to me before COB 4/1/16. However, it was not. I followed up with the text message with no response and a phone call with no pick up. As of this follow up email, no 2G deployment plan is delivered to me. (Does not meet expectation)

2) Prepare the progress report before the 2 PM for the conference call today 4/4/16. This progress report has not been prepared. (Does not meet expectation)

3) Prepare the weekly warehouse inventory report each Friday (in preparation for the weekly conference call at 2PM every Monday ), by using the Holly Finney's weekly warehouse inventory report. . This weekly warehouse inventory report was started and not yet completed. (Does not meet expectation)

4) Prepare to ask the FMO team in the Monday 4/4/16 conference call that FMO clerks to order the appropriate meters for the 2G project in SAP and you/Adam will work with Holly to release them. After meters are released, you would work with FMO dispatch to issue field orders for divisions that have meters. (FMLA today 4/4/16)

5) New action item: Ivania Borja provided input on the field order comment, please work with her in the next day or two to finalize the field order comment

Note: The response was revised with an additional note in red, which states, *"Note: Steps 1-3 immediately above may be accelerated with a shorter time period if the job performance is not improved."*

FYI – As you are late on reporting time for the last two weeks 3/31/16-4/1/16 and you reported FMLA via a text and are out of office today 4/4/16, I requested your time be submitted (and it was) for the period of 3/21/16 through 4/1/16. Per our agreements as noted below, 3/21/16 and 3/22/16 is reported as "FMLA denied without pay" and 3/23/16 is reported as "FMLA pending without pay." The rest of the other days are normal work hours.

Young

**From:** Nguyen, D. Young
**Sent:** Wednesday, March 30, 2016 4:36 PM
**To:** Cronin, Adam
**Subject:** RE: 3/30 In Person Meeting

Adam, Please see my response with our discussion/agreement and typing at the same time.

Young

1

# Exhibit Q

## Cronin, Adam

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Thursday, March 24, 2016 10:58 PM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander |
| **Subject:** | 3/24/16 - Discussions, Notes and Agreements between Adam Cronin and Young (with Alex Yan's attendance) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Adam,

The notes below are our agreements on time reporting/attendance, and the steps/actions you will carry out to complete the 2G project.

**Notes:**
1. FMLA time reporting code is 2023
2. We will start on-going daily meetings (plan the daily work at 8 AM and recap the daily work at 4 PM). Recurring meetings were set with Alex, Adam and Young.
3. When Young is not available in the office, Alex Yan will be the back up supervisor for Adam Cronin to report to.

**Agreements on time reporting and attendance.** Adam Cronin will:
1. If FMLA is not approved and sick leave and vacation time not available, Adam's time will be reported as "un-paid time off"
2. Inform Young (or Alex or another supervisor if Young is not in the office) before leaving for a medical appointment. (Same expectation for all team members in the department)
3. Report the time off (vacation, sick leave, FMLA, etc.) one day in advance. If, for any reason, the one day in advance is not possible, the advance report from Adam to Young will be <u>before</u> 8 AM of the day that Adam is taking time off. The advance report will be a text from Adam to Young before 8AM, Alex (Back up supervisor) and Kathy Nguyen (The department's Technical Assistance) with a meeting invite emailed after 8 AM the same-day to place the "Adam's Absence reasons" on Young's calendar. (Same expectation for all team members in the department)
4. Arrangement to get work done during Adam's absence: Adam will not be allowed to work remotely. However, during the day that Adam is out on FMLA or sick leave, Adam requested if he would be allowed to work part time from home if his condition becomes better, which Young agreed. During Adam's absence, Young may reach out to others within department to continue and make progress on Adam's projects.
5. If there are non-work related issues that may be impacting Adam's performance, I (Young) would like to remind Adam/you that confidential assistance through our Employee Assistance Program is available. Call the EAP Hotline at 1-888-445-4436 to speak with a Licensed Employee Assistance Professional who can connect you to the right resource. Please understand, however, that you remain accountable for meeting work expectations and performance standards.

**Adam's Actions** on the 2G Project discussed on 3/24/16:
1. 477 Metrum 4G MV 90 meters: a) Prepare and email a list of the outstanding 2G MVSD meters to Margaux (FMO) to identify which meters to receive field orders (Completed 3/24/16). This selection will provide the list of meters needed to be shipped to local yard for installation, b) Work with Margaux Camacho and Holly Finney to coordinate the Metrum 4G meters to local shops for installation.

1

# Exhibit R

**Cronin, Adam**

| | |
|---|---|
| **From:** | Cronin, Adam |
| **Sent:** | Thursday, April 28, 2016 5:11 PM |
| **To:** | Canesa, Priscilla |
| **Cc:** | Nguyen, D. Young |
| **Subject:** | RE: Follow-Up to our phone call today |

I'll have it documented that on 3/24 Young states he would allow telecommuting in accommodation with my FMLA

Since then, 3 out of the 4 requests that I've made to telecommute have been denied. – No reasons were given

- It was not made clear to me that this process was required until today
- It was not made clear to me that HR would manage this until yesterday
- Federal law does not require this additional step currently being required and a verbal request may be made



🗋 ENFORCEMENT GUIDAN·  X

← →  C  🔒 Equal Employment Opportunity Commission [US] https://www.eeoc.gov/policy/docs/accommo

## REQUESTING REASONABLE ACCOMM

1. **How must an individual request a reasonable accommodation?**

   When an individual decides to request accommodation, the individual or his/her representative must i
   work for a reason related to a medical condition. To request accommodation, an individual may use "|
   "reasonable accommodation."[19]

   **Example A:** An employee tells her supervisor, "I'm having trouble getting to work at my scheduled st;
   request for a reasonable accommodation.

   **Example B:** An employee tells his supervisor, "I need six weeks off to get treatment for a back proble

   **Example C:** A new employee, who uses a wheelchair, informs the employer that her wheelchair canno
   accommodation.

   **Example D:** An employee tells his supervisor that he would like a new chair because his present one i
   statement is insufficient to put the employer on notice that he is requesting reasonable accommodatic
   condition.

   While an individual with a disability may request a change due to a medical condition, this request do
   the change. A request for reasonable accommodation is the first step in an informal, interactive proce
   before addressing the merits of the accommodation request, the employer needs to determine if the i
   "disability,"[20] a prerequisite for the individual to be entitled to a reasonable accommodation.

2. **May someone other than the individual with a disability request a reasonable accommodation on beh;**

   Yes, a family member, friend, health professional, or other representative may request a reasonable ;
   course, the individual with a disability may refuse to accept an accommodation that is not needed.

   **Example A:** An employee's spouse phones the employee's supervisor on Monday morning to inform he

Adam Cronin | Program Manager

1

**Metering Services & Engineering - Electric**
**Pacific Gas and Electric Company**
Phone: 415-973-9017
77 Beale St, San Francisco
Email: ajcu@pge.com

**From:** Canesa, Priscilla
**Sent:** Thursday, April 28, 2016 4:54 PM
**To:** Cronin, Adam
**Cc:** Nguyen, D. Young
**Subject:** Follow-Up to our phone call today

Hello Adam-

As a follow up to our conversation this afternoon, please work with your doctor to get the necessary paperwork to support your telecommuting accommodation request. Once the certification is received from your doctor then we will work with your supervisor on the request.

Please note that while you are working to get the necessary paperwork from your doctor you are expected to report to work as usual. If an issue arises which prevents you from reporting to work it is important that you contact your supervisor prior to the start of your shift.

Thank you,

Priscilla Canesa | Return to Work Consultant, Assoc. | Integrated Disability Management
Safety and Health | Safety & Shared Services | Pacific Gas and Electric Company
Office: 925.459.6104 | Internal: 459.6104 | Fax: 925.459.6124 | Email: pcf3@pge.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended solely for the use of the individual or entity addressed to. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of the communication is strictly PROHIBITED. If you have received this e-mail in error, please notify the sender immediately by telephone at the number listed above.

# Exhibit S

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                            DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 11, 2016

RE:  Notice to Complainant or Complainant's Attorney
DFEH Matter Number: 759117-221861
Right to Sue: Cronin /

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                              GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                                                      DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 11, 2016

RE:  Notice of Filing of Discrimination Complaint
DFEH Matter Number: 759117-221861
Right to Sue: Cronin /

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

April 11, 2016

Adam Cronin
237 Kearny St # 419
San Francisco, California 94108

RE:  Notice of Case Closure and Right to Sue
DFEH Matter Number: 759117-221861
Right to Sue: Cronin /

Dear Adam Cronin,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective April 11, 2016 because an immediate Right
to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1            **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2                 **BEFORE THE STATE OF CALIFORNIA**

3         **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4            Under the California Fair Employment and Housing Act

                    (Gov. Code, § 12900 et seq.)

5

6  In the Matter of the Complaint of         **DFEH No. 759117-221861**

7  Adam Cronin, Complainant.

8  237 Kearny St # 419

  San Francisco, California 94108

9  vs. Pacific Gas and Electric Company

10

   , Respondent.

11  77 Beale St

12  San Francisco, California 94105

13

14  Complainant alleges:

15  1. Respondent is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

16

17  2. On or around April 04, 2016, complainant alleges that respondent took the following adverse actions against complainant: Retaliation Other, -Asked non job related questions, -subjected to disciplinary actions due to my condition, -subject to workplace harassment and constructive termination.  Complainant believes

18  respondent committed these actions because of their: Family Care or Medical Leave.

19  3. Complainant Adam Cronin resides in the City of San Francisco, State of California.  If complaint includes co-respondents please see below.

20

21

22

                              -5-

Date Filed: April 11, 2016

1

## VERIFICATION

2  I, Adam Cronin, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint

3  and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true

4  On April 11, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5
                                                      San Francisco CA
6                                                     Adam Cronin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-7-

Date Filed: April 11, 2016

# Exhibit T

**Cronin, Adam**

| | |
|---|---|
| **From:** | Nguyen, D. Young |
| **Sent:** | Friday, April 29, 2016 10:44 AM |
| **To:** | Cronin, Adam |
| **Cc:** | Yan, Alexander; Davis, Earle S |
| **Subject:** | RE: Follow-up #3: 2G Completion Report |

With changes below per Adam's and Young's agreement.

---

**From:** Cronin, Adam
**Sent:** Friday, April 29, 2016 10:08 AM
**To:** Nguyen, D. Young
**Cc:** Yan, Alexander; Davis, Earle S
**Subject:** RE: Follow-up #3: 2G Completion Report

Young, To confirm our conversation we had regarding this

- Both Young and Adam agree that the level of detail (by meter form and type/model)/frequency Young initially requested in the weekly reports is ~~redundant, impractical, and~~ inaccurate due to the fact that reporting information is dynamic ~~and often unpredictable with assured accuracy~~.

- Adam has conveyed to Young that he has concerns with reporting information to stakeholders which cannot be accurately verified until thorough reconciliation is completed, and there are often delays (up to months at a time) in data/information transfer between PG&E's various operating and data management systems. (Adam presented this as an issue, which Young thinks Adam should collaborate with Young and team to find ways to resolve)

- Young and Adam agree to reduce expectancy of weekly reconciliation, and Adam will ~~attempt to~~ reconcile these reports on a monthly basis and collaborate with EDS to gain agreement of differences or match up data. The following attached report and format will be shared with stakeholders weekly via weekly conference calls, showing EDS weekly/monthly progress summary.



2G Meter
Deployment Pla...

- Adam has made Young aware that in the past, these reconciliations were typically only done (roughly) every quarter, (3-4 months), as this is often the timeframe needed by other stakeholders to verify 100% accuracy of completion via data feedthrough from back office systems to billing/operation systems. (Adam presented this as an issue, which Young thinks Adam should collaborate with Young and team to find ways to resolve. Due to the critical 2G project deployment status, Young and Adam agreed the need to reconcile it more often. In this case it's monthly.)

- Stakeholders have also raised concerns about the reporting of information we know to be inaccurate (in concurrence with Adam's concern) (The team's feedback should be used)

If I missed anything please let me know

Adam Cronin | Program Manager

1

*Metering Services & Engineering - Electric*
*Pacific Gas and Electric Company*
Phone: 415-973-9017
77 Beale St, San Francisco
Email: ajcu@pge.com

---

**From:** Nguyen, D. Young
**Sent:** Thursday, April 28, 2016 7:07 PM
**To:** Cronin, Adam
**Cc:** Yan, Alexander
**Subject:** RE: Follow-up #3: 2G Completion Report

Response in green below.

You have agreed and started to produce the report since the beginning of April. The expectation is the detailed report continues to support the 2G project deployment.

---

**From:** Cronin, Adam
**Sent:** Thursday, April 28, 2016 4:13 PM
**To:** Nguyen, D. Young
**Cc:** Yan, Alexander
**Subject:** RE: Follow-up #3: 2G Completion Report

If these details were needed why wasn't this expectation set from the beginning of the project? And these details you refer to were not required on the Circuit Switch Project in 2014 and 2015 (a similar project). Response: The Circuit Switch Project had a smaller work volume and no meter inventory issues, which is different from the 2G Project (approximately 2500 Circuit Switch meter exchanges compared to 7096 2G meter exchanges). Each project will be managed differently. In this 2G project, when the need of more granular details arise for managing the specific meter availability, detailed and accurate report is needed more frequently and communicated out to the project team members. Examples of the need for the detailed report:

1) Conference call on 4/8/16: MV 90 meters were not available to support meter exchanges. Limited number of meters were distributed to the field (Result: Held back MV90 field orders).

2) Conference call on 4/26/16: Specific SM Simple 45S meters are not available to support meter exchanges (similarly, need to hold back field orders from now until new SM simple 45S meters will be received in the Fremont warehouse)

3) The detailed report has provided the team with the needed information (meter inventory for project execution, field order coordination for dispatch, and the project deployment plan and progress). It has articulated the unavailable meter forms of specific models, helped team discuss and agree on which field orders of which meter forms and models can be dispatched (or not), and provided a way to notify how far behind (or ahead) the 2G project completion is as compared to the target completion date of 12/31/16.

Why is this expectation being made two thirds of the way through this project suddenly? Response: The 2G project with a timeline from 1/1/15 – 12/31/16 is at 45% of the way as approx. 3900 (or 55%) of total 7096 meters still need to complete.

In addition to the explanation above, the project team raised the concerns in Jan 2016 about 1) you cancelled all conference calls in the 4th Quarter 2015, 2) SM meter exchanges were not efficiently managed, and 3) communications were lacking. This resulted in a) the 2G Project Course Correction meeting on Feb 16, 2016, and b) the following different expectations: